IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL No. 2445 |
| THIS DOCUMENT RELATES TO:, | Master File No. 2:13-MD-2445-MSG |
| *Wisconsin, et al v. Indivior Inc. et al.* | Case No. 2:16-cv-5073-MSG |
| STATE OF WISCONSIN By Attorney General **Brad D. Schimel**, *et al.*, Plaintiffs, v. INDIVIOR INC. f/k/a RECKITT BENCKISER PHARMACEUTICALS, INC.; *et al.*, Defendants. | Civ. A. No. 2:16-cv-5073-MSG |

# MEMORANDUM IN SUPPORT OF
# INDIVIOR PLC'S MOTION TO DISMISS

Kevin D. McDonald
Jonathan Berman
Mark R. Lentz
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:  +1.202.879.3939
Facsimile:  +1.202.626.1700

*Counsel for Defendant*
*INDIVIOR PLC.*

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................................. 1

ALLEGATIONS OF THE STATES' COMPLAINT .................................................................... 2

LEGAL STANDARD ........................................................................................................................... 5

DISCUSSION ........................................................................................................................................ 6

I.    I-PLC CANNOT BE DIRECTLY LIABLE FOR CONDUCT THAT PREDATES ITS INCORPORATION ............................................................................................................. 6

II.   THE STATES FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THRESHOLD ELEMENTS OF SUCCESSOR LIABILITY ............................................. 6

     A.    The States Do Not Allege That RBPI Transferred Any Assets To I-PLC .............. 7

     B.    States Do Not Allege That RBPI No Longer Exists Or Exists Only As An Assetless Shell ................................................................................................................. 8

III.  THE STATES FAILED TO PLEAD A VIABLE ANTITRUST CLAIM ......................... 9

CONCLUSION ................................................................................................................................... 10

NAI-1502294411v6

## TABLE OF AUTHORITIES

Page

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 5, 6

*Astor Holdings, Inc. v. Roski*,
    325 F. Supp. 2d 251 (S.D.N.Y. 2003) ...................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................. 5

*BP Envt. Servs., Inc. v. Republic Servs., Inc.*,
    946 F. Supp. 2d 402 (E.D. Pa. 2013) ........................................................................................ 6

*Grand Labs., Inc. v. Midcon Labs of Iowa*,
    32 F.3d 1277 (8th Cir. 1994) .................................................................................................... 7

*Hyjurick v. Commonwealth Land Title Ins. Co.*,
    2012 WL 1463633 (M.D. Pa. Apr. 27, 2012) .......................................................................... 8

*In re Asbestos Litig. (Bell)*,
    517 A.2d 697 (Del. Super. Ct. 1986) ....................................................................................... 8

*In re Chemed Corp., S'holder Derivative Litig.*,
    2015 WL 9460118 (D. Del. Dec. 23, 2015) ......................................................................... 4, 9

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) ...................................................................................... 5

*In re Welding Fume Prods. Liab. Litig.*,
    2010 WL 2403355 (N.D. Ohio June 11, 2010) ........................................................................ 8

*Jacobs v. Lakewood Aircraft Serv.*,
    512 F. Supp. 176 (E.D. Pa. 1981) ............................................................................................ 7

*Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*,
    989 F. Supp. 2d 411 (E.D. Pa. 2013) .................................................................................... 6, 9

*Marnavi S.p.A. v. Keehan*,
    900 F. Supp. 2d 377 (D. Del. 2012) ......................................................................................... 8

*Miller v. EME Homer City Generation, LP*,
   2013 WL 5972382 (W.D. Pa. Nov. 8, 2013) ................................................................5, 9

*Nat'l Soffit & Escutcheons, Inc. v. Superior Sys., Inc.*,
   98 F.3d 262 (7th Cir. 1996) ...............................................................................................7

*Norfolk S. Ry. Co. v. Pittsburgh & West Virginia R.R.*,
   153 F. Supp. 3d 778 (W.D. Pa. 2015) ................................................................................7

*Pioli v Town of Kirkwood*,
   499 N.Y.S.2d 266 (App. Div. 1986) ..................................................................................6

*Quanaim v. Frasco Rest. & Catering*,
   17 S.W.3d 30 (Tex. App. 2000) .........................................................................................6

*Royal Alliance Assocs., Inc. v. Branch Ave. Plaza, L.P.*,
   587 F. Supp. 2d 729 (E.D. Va. 2008) ................................................................................7

*Tender Touch Rehab Servs., LLC v. Brighten at Bryn Mawr*,
   26 F. Supp. 3d 376 (E.D. Pa. 2014) ...................................................................................7

*U.S. ex rel. Bunk v. Birkart Globistics GmbH & Co.*,
   2014 WL 7343204 (E.D. Va. Dec. 23, 2014) ....................................................................7

*United States v. Chrysler Corp.*,
   1990 WL 127160 (D. Del. Aug. 28, 1990) .......................................................................7

*Urban Telecomms. Corp. v. Halsey*,
   1996 WL 76160 (W.D. Va. Feb. 8, 1996) .........................................................................9

NAI-1502294411v6

## INTRODUCTION

There is one obvious difference between the Class Plaintiffs' complaints against Indivior Inc. and the States' First Amended Complaint. The States have also named as a defendant Indivior Inc.'s current parent, Indivior PLC ("I-PLC"), even though I-PLC did not exist at the time of the alleged wrongful conduct. "Indivior PLC was formed in 2014 as a new company." States Am. Compl. ¶ 13. The supposed misconduct is alleged to have occurred in the years leading up to March 5, 2013, when the generic alternatives to Suboxone Tablets were first marketed. *Id.* ¶¶ 39-115. Nonetheless, the States' complaint names not only Indivior Inc. – the drug company that allegedly engaged in "product-hopping" – but also the new corporate parent, I-PLC, without a single allegation that I-PLC engaged in any conduct claimed to be unlawful.

The only basis the complaint offers for including I-PLC as a defendant is to assert that it is the "the successor company to Reckitt Benckiser Pharmaceuticals, Inc." *Id.* ¶ 13; *accord id.* ¶ 132 (identifying I-PLC as "a successor company to Reckitt Benckiser Pharmaceuticals Inc."). As we show, however, the Court may take judicial notice that Reckitt Benckiser Pharmaceuticals, Inc. has no successor in interest – it still exists, renamed Indivior Inc., and is a defendant in this case. *See* Ex. 1. The States apparently do not understand that Indivior Inc. simply changed its name from Reckitt Benckiser Pharmaceuticals, Inc. to Indivior Inc. after it was acquired by the newly-incorporated I-PLC. And even if that were not the case, the States' complaint lacks any allegation sufficient to support the legal conclusion that I-PLC is the "successor" of any entity.

The concept of successor liability is inapplicable unless, among other conditions, (1) the original entity sold all or substantially all of its assets to the successor, and (2) the original entity no longer exists or exists only as an assetless shell. Neither condition is met here.

First, the complaint fails to allege that the original entity, Reckitt Benckiser Pharmaceuticals, Inc. ("RBPI"), transferred any assets to its supposed successor, Indivior PLC.

Second, RBPI most certainly continues to exist.  RBPI changed its name to Indivior Inc. (*see* Ex. 1), and continues to be "engaged in the development, manufacture, and sale of Suboxone throughout the United States."  States Am. Compl. ¶ 11; *see also id.* (acknowledging that Indivior Inc. was "f/k/a [formerly known as] Reckitt Benckiser Pharmaceuticals, Inc.").

Moreover, I-PLC does not face liability arising from RBPI's activities because the States' complaint fails to plead facts showing that RBPI (before or after it changed its name to Indivior Inc.) engaged in wrongful conduct.  This ground is set out in detail in the motion and memorandum filed by Indivior Inc., which I-PLC adopts as if set out here in full.

## ALLEGATIONS OF THE STATES' COMPLAINT

The States' complaint alleges violations of antitrust and related laws.  Generally, the complaint describes the development of a new "Film" product, which was launched in 2010.  States Am. Compl. ¶¶ 39-68.  The Film product was sold alongside the legacy Suboxone Tablet product for the next two and a half years, and the complaint sets out actions that were allegedly taken during this time period to "convert" the market from Tablets to Film.  *Id.* ¶¶ 69-88.  The States seek to revive claims that the Court previously dismissed regarding the failed negotiations with the generic manufacturers over a joint "REMS" safety program.  *Id.* ¶¶ 89-97.  These negotiations took place between January and August 2012.  *Id.*  The States also allege that the filing of a Citizen Petition in September 2012 was an additional wrongful act.  *Id.* ¶¶ 98-113.  The States' narrative ends by noting that FDA approved the first generic alternatives to Suboxone Tablets in February 2013, and that these generic products were first marketed that March.  *Id.* ¶¶ 114-115.

During the relevant time period, (which ended before I-PLC was incorporated in 2014), defendant Indivior Inc. was known as Reckitt Benckiser Pharmaceuticals, Inc. ("RBPI").  *See* States' Am. Compl. caption, preamble, ¶¶ 11, 13, 132 (stating that Indivior Inc. was "f/k/a

2

[formerly known as] Reckitt Benckiser Pharmaceuticals, Inc."). RBPI "was the company that manufactured Suboxone during the period of time in which most of the relevant conduct occurred." *Id.* ¶ 13. At that time, RBPI was owned by Reckitt Benckiser Group PLC ("RB Group"). *See id*. The relationship that then existed between these two companies is shown by the following simplified chart:

**Chart 1: Corporate Relationship before September 2014**



Indivior PLC ("I-PLC") was incorporated in 2014 (*id.* ¶ 13), as illustrated as follows:

**Chart 2: Indivior PLC Incorporated in September 2014**



3

Shortly after the incorporation of I-PLC, RB Group "sold the assets of a collection of companies" to I-PLC. *Id.* ¶ 13.  In this transaction RB Group transferred to I-PLC "ownership of all assets and operations related to the production of Suboxone." *Id.*  The following simplified chart shows the new relationship between the companies:

**Chart 3: RB Group Sold RBPI to Indivior PLC in December 2014**



RBPI, (the U.S. operating subsidiary) then changed its name to Indivior Inc.

**Chart 4: RBPI Changed Name to Indivior Inc. in July 2015**



The fact that RBPI merely changed its name – *i.e.* it did not dissolve or merge into another corporation – is fairly implied by the complaint's repeated acknowledgements that Indivior Inc. was "f/k/a [formerly known as] Reckitt Benckiser Pharmaceuticals, Inc."  States Am. Compl. caption, preamble, ¶¶ 11, 13, 132.  But to dispel any doubt, the Court may take judicial notice of Exhibit 1, a Certificate of Amendment, certified by the State of Delaware, showing the name change.  *See In re Chemed Corp., S'holder Derivative Litig.,* 2015 WL

4

9460118, at *11 & n.18 (D. Del. Dec. 23, 2015) ("The Court may take judicial notice of the certificate of amendment in deciding a motion to dismiss"); *Miller v. EME Homer City Generation, LP*, 2013 WL 5972382, at *3 (W.D. Pa. Nov. 8, 2013) ("courts ruling on Rule 12(b)(6) motions may take judicial notice of public records," including "SEC filings and articles of incorporation").

As is common between parent and subsidiary corporations, I-PLC allegedly has "current and former overlapping directors with [RBPI] and Indivior, Inc." States Am. Compl. ¶ 13. The States also allege that "many of the individuals who participated in the conduct alleged herein are now employed by Indivior PLC," and – as one would expect when a company changes names but continues to operate – "Indivior PLC, and Indivior Inc. completed work orders initially received by [RBPI] and inherited its customers." *Id*.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) requires dismissal of claims where the supporting allegations are not "plausible" and fail to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court should give no weight to "legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Likewise, the Court need not credit "conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the Complaint itself or by documents upon which its pleadings rely, or by facts of which the Court make take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001).

# DISCUSSION

## I. I-PLC CANNOT BE DIRECTLY LIABLE FOR CONDUCT THAT PREDATES ITS INCORPORATION

I-PLC was incorporated in 2014, and all the allegedly anticompetitive conduct described in the States' complaint is alleged to have occurred between 2002 and 2013. States Am. Compl. ¶¶ 13, 70-102. I-PLC cannot be directly liable for conduct predating its formation. *Astor Holdings, Inc. v. Roski*, 325 F. Supp. 2d 251, 265 (S.D.N.Y. 2003) (defendant "cannot be liable for tortious conduct that took place prior to its incorporation"); *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex. App. 2000) ("a corporation which has no legal existence at the time of an incident cannot be liable for that incident"); *Pioli v Town of Kirkwood*, 499 N.Y.S.2d 266, 267 (App. Div. 1986) ("inasmuch as Gorick Inc. did not come into existence until almost two years subsequent to the completion of the contract, the action against it was properly dismissed").

The States do not appear to argue otherwise.

## II. THE STATES FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THRESHOLD ELEMENTS OF SUCCESSOR LIABILITY

The States assert that I-PLC is the "successor" to RBPI, and therefore liable for RBPI's supposed misconduct. States Am. Compl. ¶ 13. However, in a motion to dismiss, the court does not give weight to "legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. The States must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

As a general rule a successor corporation is not liable for the liabilities of a predecessor. *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 989 F. Supp. 2d 411, 430 (E.D. Pa. 2013); *BP Envt. Servs., Inc. v. Republic Servs., Inc.*, 946 F. Supp. 2d 402,

6

413 (E.D. Pa. 2013); *Royal Alliance Assocs., Inc. v. Branch Ave. Plaza, L.P.*, 587 F. Supp. 2d 729, 738 (E.D. Va. 2008); *United States v. Chrysler Corp.*, 1990 WL 127160, at *4 (D. Del. Aug. 28, 1990).

Although there are exceptions to this rule, two threshold elements are required for every exception to the rule against successor liability.[1] First, "the transfer of all or substantially all of the assets of one corporation to another is typically a prerequisite to corporate successor liability." *Norfolk S. Ry. Co. v. Pittsburgh & West Virginia R.R.*, 153 F. Supp. 3d 778, 807 (W.D. Pa. 2015). Second, "if the original entity still exists . . . , there is no successor, and therefore, no successor liability." *Id.*

### A. The States Do Not Allege That RBPI Transferred Any Assets To I-PLC.

Successor liability universally requires that the predecessor transferred "all or substantially all of its assets" to the successor. *Tender Touch Rehab Servs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 390 (E.D. Pa. 2014) (exceptions to the general rule of non-liability only applicable when "one company sells or transfers all or substantially all of its assets to another company"); *see also Nat'l Soffit & Escutcheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262, 266 (7th Cir. 1996) ("In order for one corporation to be deemed a successor corporation in the first place, it must be a successor to all, or substantially all, of another corporation's assets"); *Grand Labs., Inc. v. Midcon Labs of Iowa*, 32 F.3d 1277, 1281 n.5 (8th Cir. 1994) ("Most jurisdictions hold that a prerequisite to the imposition of liability against a corporation … is a transfer or sale of all, or substantially all, the assets of the predecessor to the successor"); *U.S. ex*

---

[1] The four common exceptions occur when "(1) the purchaser expressly or impliedly agrees to assume such obligation; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is fraudulently entered into to escape liability." *Jacobs v. Lakewood Aircraft Serv.*, 512 F. Supp. 176, 179 (E.D. Pa. 1981). The States make no attempt to plead the facts necessary to establish any of these exceptions.

7

*rel. Bunk v. Birkart Globistics GmbH & Co.*, 2014 WL 7343204, at *3 (E.D. Va. Dec. 23, 2014) (exceptions to the general rule of non-liability apply when "a corporation acquires the assets of another corporation"); *In re Asbestos Litig. (Bell)*, 517 A.2d 697, 701 (Del. Super. Ct. 1986) (selling an entire business division does not qualify as "all or substantially all" of the assets of a predecessor when the predecessor owned multiple business divisions).

The States have not alleged any transfer of assets to I-PLC from RBPI (before or after it changed its name to Indivior Inc.). The only asset transfer alleged in their complaint is the transfer of Suboxone assets from RB Group to I-PLC. *See* States Am. Compl. ¶ 13. However, the States do not assert that I-PLC is the successor to RB Group. *See id.* Furthermore, not only does RB Group continue to exist, but this Court has also already determined, based on similar allegations, that RB Group had no liability to inherit. *See* ECF 152 at 5-6 (dismissing claims against RB Group).

Because the States have not alleged any transfer of assets between I-PLC and Indivior Inc. (f/k/a/ RBPI), the complaint fails to plead facts sufficient to establish successor liability.

> **B.    States Do Not Allege That RBPI No Longer Exists Or Exists Only As An Assetless Shell**

"[I]t remains a bedrock principle that, if the original entity still exists, there is no successor—and no successor liability." *In re Welding Fume Prods. Liab. Litig.*, 2010 WL 2403355, at *7 (N.D. Ohio June 11, 2010); *accord Hyjurick v. Commonwealth Land Title Ins. Co.*, 2012 WL 1463633, at *4 (M.D. Pa. Apr. 27, 2012) (parent company could not be successor to wholly owned subsidiary where subsidiary existed as a separate corporation); *Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 397 (D. Del. 2012) (evidence that predecessor and successor had coexisted precluded a finding of successor liability). A minority of courts have held that successor liability might attach even if the original entity still exists, but only if it ceases ordinary

8

business operations and "is reduced to an assetless shell." *Lehman Bros. Holdings,* 989 F. Supp. 2d at 436; *see also Urban Telecomms. Corp. v. Halsey,* 1996 WL 76160, at *4 (W.D. Va. Feb. 8, 1996) (finding successor liability where two companies existed after a transfer, but the predecessor ceased regular business operations and existed solely "to settle its liabilities").

The complaint acknowledges that RBPI and Indivior Inc. are the same company (*e.g.* States Am. Compl. ¶ 11), a fact that is conclusively established by the certified corporate record that documents the name change. Ex. 1; *see In re Chemed,* 2015 WL 9460118, at *11 & n.18 ("The Court may take judicial notice of the certificate of amendment in deciding a motion to dismiss"); *Miller v,* 2013 WL 5972382, at *3.

The complaint includes Indivior Inc. among the defendants, and the States affirmatively allege that Indivior Inc. continues regular business operations, and remains "engaged in the … sale of Suboxone throughout the United States." States Am. Compl. ¶ 11; *accord id.* ¶ 13. The complaint does not allege that Indivior Inc. either ceased to exist or exists only as an assetless shell, and indeed confirms that the opposite is true. The complaint therefore fails to plead sufficient facts to establish a second threshold requirement of successor liability.

## III. THE STATES FAILED TO PLEAD A VIABLE ANTITRUST CLAIM

Even if I-PLC were liable for the conduct of Indivior Inc., the States' claims would still be deficient. For the reasons detailed in the motion and memorandum filed by Indivior Inc., the States have failed to plead a viable claim against anyone.

NAI-1502294411v6

## CONCLUSION

For the reasons stated above, and for the reasons stated in the motion papers filed by Indivior Inc., the Court should dismiss all claims against Indivior PLC (I-PLC).

Dated:  December 12, 2016            Respectfully submitted,

                                               /s/ *Jonathan Berman*
                                               Kevin D. McDonald
                                               Jonathan Berman
                                               Mark R. Lentz
                                               JONES DAY
                                               51 Louisiana Avenue, N.W.
                                               Washington, D.C.  20001.2113
                                               Telephone:     +1.202.879.3939
                                               Facsimile:     +1.202.626.1700

                                               *Counsel for Defendant*
                                               *INDIVIOR PLC.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL No. 2445 |
| THIS DOCUMENT RELATES TO:, | Master File No. 2:13-MD-2445-MSG |
| *Wisconsin, et al v. Indivior Inc. et al.* | Case No. 2:16-cv-5073-MSG |
| STATE OF WISCONSIN By Attorney General **Brad D. Schimel**, *et al.*,                              Plaintiffs, v. **INDIVIOR INC.** f/k/a **RECKITT BENCKISER PHARMACEUTICALS, INC.**; *et al.*,                              Defendants. | Civ. A. No. 2:16-cv-5073-MSG |

## CERTIFICATE OF SERVICE

I, Mark R. Lentz, do hereby certify that on this 12th day of December, 2016, I served a true and correct copy of the foregoing document upon all counsel of record via the Court's ECF system, and to lead counsel for plaintiffs via email.

    /s/ *Mark R. Lentz*
    Mark R. Lentz
    *Attorney for Defendant Indivior PLC*