IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE OF WISCONSIN<br>By Attorney General Brad D. Schimel, et al.,<br><br>v.<br><br>INDIVIOR INC. f/k/a RECKITT<br>BENCKISER PHARMACEUTICALS, INC.;<br>RECKITT BENCKISER HEALTHCARE<br>(UK) LTD.; INDIVIOR PLC; and<br>MONOSOL RX, LLC | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 16-cv-5073 |
| IN RE: SUBOXONE (BUPRENORPHINE<br>HYDROCHLORIDE AND NALAXONE)<br>ANTITRUST LITIGATION<br><br>THIS DOCUMENT APPLIES TO<br>ALL ACTIONS | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | MDL NO. 2445<br>13-md-2445 |

### ORDER REGARDING COORDINATION OF PRETRIAL DISCOVERY IN THE STATE ACTION AND MULTIDISTRICT LITIGATION MATTERS

**AND NOW**, this 11th day of January, 2017, upon consideration of the "Joint Motion to Coordinate Pretrial Discovery in the State Action and Multidistrict Litigation with Contested Issues for the Court's Ruling" (13-md-2445, Doc. No. 309; 16-cv-5073, Doc. No. 153), and after consideration of the parties' proposals, I find as follows:

1. On September 22, 2016, thirty five states and the District of Columbia (collectively, the "Plaintiff States") filed an antitrust action in this Court naming as defendants Indivior Inc., f/k/a Reckitt Benckiser Pharmaceuticals, Inc.; Reckitt Benckiser Healthcare (UK) Ltd.; Indivior PLC; and MonoSol Rx LLC (collectively, "Defendants") bearing the caption, State of Wisconsin, et al. v. Indivior, Inc., et. al, 16-cv-5073 (the "State Action").

2. Plaintiff States filed an amended complaint dated November 16, 2016 adding six additional States. At the time of filing, the Plaintiff States indicated that their case is

1

related to the pending multidistrict antitrust litigation against Indivior Inc. concerning Suboxone, In Re Suboxone Antitrust Litigation, 13-md-2445 (the "MDL Action"). The MDL Action includes consolidated class actions brought by Direct Purchasers and End Payors (the "Class Actions") and an action by the generic pharmaceutical company, Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals LLC v. Indivior Inc. et al., 16-cv-563 (the "Amneal Action").

3. I previously ordered that the Amneal Action be coordinated with the pending Class Actions because coordination would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation," and "eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." (See 13-md-2445, Doc. No. 217).

4. For the same reasons, and because the State Action, the Class Actions and the Amneal Action also involve common questions of law or fact and coordination of pretrial proceedings and discovery will avoid unnecessary cost and delay, upon consideration of the parties' joint motion dated December 22, 2016, and pursuant to Federal Rules of Civil Procedure 1, 26(f) and 42(a), it is hereby **ORDERED** that the "Joint Motion to Coordinate Pretrial Discovery in the State Action and Multidistrict Litigation with Contested Issues for the Court's Ruling" (13-md-2445, Doc. No. 309; 16-cv-5073, Doc. No. 153) is **GRANTED** as follows:

**Coordination**

5. The State Action and the MDL Action (i.e. the Class Actions and the Amneal Action) are coordinated proceedings for pretrial scheduling and discovery purposes. The parties shall confer on all discovery and pretrial scheduling matters, and make a good faith effort to

promote the convenience of the parties and witnesses, to eliminate duplicative discovery, and to conserve the resources of the parties, their counsel, and the judiciary.

6. Court filings concerning both the State Action and MDL Action, including any filings relating to discovery and the pretrial schedule, shall bear the case captions and docket numbers for both the State Action (16-cv-5073) and the MDL Action (13-md-2445), with service to all parties, and be filed in both actions.

**Scheduling**

7. The parties to the State Action have stipulated and agreed to a schedule for responding to the complaint in the State Action, including a briefing schedule for motions to dismiss. The parties filed a stipulation and proposed order regarding that schedule, which was entered by the Court on November 1, 2016 (16-cv-5073, Doc. No. 107).

8. The schedule set out in the Order entered in the MDL Action on July 1, 2016 (13-md-2445, Doc. No. 269) is **AMENDED** as follows. This schedule and any subsequent modifications to the schedule shall apply to the State Action and all actions in the MDL Action unless otherwise ordered for good cause.

| Event | Date |
| --- | --- |
| As set forth in paragraph 9, all fact discovery shall be completed by | October 27, 2017 |
| Motions for Class Certification (with any expert report in support thereof) shall be filed no later than, and not before | October 27, 2017 |
| Oppositions to Motions for Class Certification (with any expert report in support thereof) shall be filed no later than | December 15, 2017 |
| Reply briefs in support of Class Certification (if necessary, and with any rebuttal expert report in support thereof) shall be filed no later than | January 26, 2018 |
| Plaintiffs' (non-class) expert reports shall be produced no later than | December 28, 2017 |
| Defendants' (non-class) expert reports shall be produced by | March 16, 2018 |

| | |
|---|---|
| Plaintiffs' (non-class) expert witness rebuttal reports shall be filed no later than | April 13, 2018 |
| All expert discovery, including all depositions of expert witnesses, shall be completed by | May 14, 2018[1] |
| All motions for summary judgment and *Daubert* motions shall be filed no later than | July 6, 2018 |
| Responses to motions for summary judgment and *Daubert* motions, if any, shall be filed no later than | August 8, 2018 |
| Replies to motions for summary judgment and *Daubert* motions, if any, shall be filed no later than | August 31, 2018 |

9. Fact discovery shall be completed in two phases. First, all written discovery shall be completed by June 30, 2017. Thereafter, all counsel shall meet and confer regarding the necessary number of depositions to be taken of Plaintiff States representatives. On or before July 14, 2017, all counsel shall submit a joint proposed deposition and include the number of depositions of Plaintiff States' representatives. Disagreement on this issue shall be set forth in the joint proposed schedule. All fact witness depositions shall be completed by October 27, 2017.

10. Discovery shall proceed as follows:

    a. Discovery by or against Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC, MonoSol Rx LLC and the States is stayed until the Court rules on the motions to dismiss filed in the State Action or May 22, 2017, whichever comes first. Notwithstanding the foregoing, in the event that any defendant seeks dismissal based on a lack of personal jurisdiction, nothing in this order shall preclude the States from seeking leave to take jurisdictional discovery.

---

[1] Any rebuttal or reply expert report, whether relating to the merits, class certifications, or other subjects, shall be "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii).

b. Depositions of witnesses affiliated with Indivior Inc. and Amneal are also stayed in both the State Action and the MDL Action until the Court rules on the motions to dismiss filed in the State Action or May 22, 2017, whichever comes first. Beginning in March 2017, upon request by any party, the parties shall confer in good faith regarding the scheduling of witnesses affiliated with Indivior Inc. and Amneal.

c. The parties to the State Action are entitled to participate in all depositions taken in the MDL Action even during the pendency of the stay set forth in subparagraph (a) above.

**Protective Order**

11. For purposes of coordination, the Stipulated Protective Order (13-md-2445, Doc. No. 86) (the "Stipulated Protective Order") shall also govern the State Action. Each of the Plaintiff States (including the District of Columbia) and each of the defendants Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC and MonoSol Rx LLC is a "Party" within the meaning of the Stipulated Protective Order. The Plaintiff States, Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC and MonoSol Rx LLC are entitled to the protections set out in the Stipulated Protective Order, and the Plaintiff States, MonoSol Rx LLC, Reckitt Benckiser Healthcare (UK) Ltd. and Indivior PLC **SHALL** comply with its terms. Notwithstanding the foregoing, the following additional provisions shall apply:

a. Counsel for the Plaintiff States and their staff employed to assist counsel in litigating the State Action (including attorneys and paralegal, investigative, secretarial and clerical personnel, and law clerks and interns) may have access to Discovery Material designated as "Confidential" and "Highly Confidential."

b. Whenever a Plaintiff State is required under the Stipulated Protective Order to certify that it has returned or destroyed any document, a Plaintiff State that is unable for legal or technical reasons to do so within the required time frame may instead certify (i) the specific prohibitions that prevent full and timely compliance, and (ii) that the document will remain confidential pursuant to the Stipulated Protective Order until such time as it can do so, or indefinitely if it cannot ever do so.

c. Up to four directors, officers, employees or agents of each state, in addition to the individuals set forth in Paragraphs 5(a)(i), (iii), and (iv) of the Stipulated Protective Order and Paragraph 6(a) and 6(d) of this Coordination Order, may review any individual document, deposition transcript, interrogatory response, or response to a request for admission designated Confidential.

d. Notwithstanding Section C.5.a.iv or any other provision of the Stipulated Protective Order, the Plaintiff States may use current or former state employees as experts, consultants or investigators. Further, the Plaintiff States need not expressly retain any such expert, consultant, or investigator for the purposes of consulting or testifying in this Action. Before any disclosure of Discovery Material designated as "Confidential" or "Highly Confidential" to an expert, consultant or investigator, counsel for the Plaintiffs States shall obtain an executed copy of the Certificate attached as Exhibit A to the Stipulated Protective Order and specifically inform that person of the provisions of Section B of Stipulated Protective Order governing use of information, which provides, in part, "Such Discovery Material shall not be used for any business, competitive, personal,

private, or public purpose, or for any purpose other than this Action. Disclosure of Discovery Material is prohibited, except as expressly provided in this Protective Order."

**<u>Investigation Materials</u>**

12. Prior to the Plaintiffs States filing their complaint on September 22, 2016, the Plaintiff States conducted an investigation and, in the course of the investigation, obtained documents, data, written information or other materials ("Investigation Materials") pursuant to Civil Investigation Demands or other process from certain Defendants.

13. Investigation Materials that were entitled to confidentiality by agreement that are in the possession of any Plaintiff State, and any information taken from any portion of such document, however that information is recorded or transmitted, will be treated in the first instance as "Confidential" under the Stipulated Protective Order and as set forth in paragraph 6 above. Further, any Plaintiff State that wishes to disclose Investigation Materials in court filings shall follow the procedures in Section 8 of the Stipulated Protective Order governing the filing of designated discovery material with the Court. The confidentiality of such Investigation Materials may later be challenged under the provisions of the Stipulated Protective Order.

14. The parties to the MDL Action shall provide to the Plaintiff States and defendants Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC and MonoSol Rx LLC (subject to the terms of the Stipulated Protective Order) documents previously produced in the MDL Action, pursuant to subpoena, by non-parties to the litigation. Such disclosure may be made without prior notice to the non-parties who have produced documents. These non-parties have not been notified of this provision.

**Depositions**

15. The parties, including the Plaintiff States and defendants Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC and MonoSol Rx LLC, are subject to the limits and procedures regarding depositions set out in the Order entered December 22, 2015 (13-md-2445, Doc. No. 176). The phrases in that Order, "Plaintiff," "Plaintiffs as a group," and plaintiffs' "side" include the Plaintiff States.

**Documents and Other Discovery**

16. Within two weeks after this Order is executed and each party to the State Action is subject to the Protective Order, Indivior Inc. and Amneal shall produce their respective document productions in the MDL Action to the Plaintiff States and defendants Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC, and MonoSol Rx LLC.

17. Within two weeks after this Order is executed, Indivior Inc., Amneal and the Class Plaintiffs shall serve the Plaintiff States and defendants Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC and MonoSol Rx LLC with their Rule 26(a) disclosures (including supplemental disclosures) and all written discovery including, but not limited to, formal document requests and responses and objections, the January 2016 agreement between Indivior Inc. and the Class Plaintiffs setting out the scope of Indivior's discovery obligations (and any supplemental agreements), interrogatories and responses and/or requests for admissions and responses that each party previously served in the MDL Action.

18. The parties agree that any documents or communications sent solely between and among counsel for the Plaintiff States, any state that is investigating but has not joined the State Action, the Class Plaintiffs and Amneal or persons employed or acting on behalf of such

counsel are immune from discovery and may be excluded from privilege logs. The Parties further agree that any documents or communications sent solely between and among counsel for the Defendants or persons employed or acting on behalf of such counsel are immune from discovery and may be excluded from privilege logs.

19. The parties, including the Plaintiff States and defendants Reckitt Benckiser Healthcare (UK) Ltd., Indivior PLC, and MonoSol Rx LLC, shall comply with the "Order Governing Protocol for Discovery of Electronically Stored Information ("ESI") and Paper Documents" entered by the Court on May 26, 2015 (13-md-2445, Doc. No. 162).

20. The submission of this Proposed Order and accompanying papers satisfies the parties' obligations under Federal Rule of Civil Procedure 26(f) to confer and submit a discovery plan.

                                                **BY THE COURT:**

                                                /s/ Mitchell S. Goldberg

                                                _____

                                                **MITCHELL S. GOLDBERG, J.**