**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Direct Purchaser Actions*<br><br>*Wisconsin v. Indivior Inc.*, No. 16-cv-5073 | MDL NO. 2445<br><br>Master File No. 2:13-MD-2445-MSG |

**DIRECT PURCHASER CLASS PLAINTIFFS' AND PLAINTIFF STATES'
OPPOSITION TO RECKITT'S SECOND MOTION
TO DEFER SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................................1

II.    FACTS ..................................................................................................................................2

III.   ARGUMENT ........................................................................................................................6

      A.     One-Way Intervention Is Not an Obstacle to Ruling on Cross-Motions for
             Summary Judgment ................................................................................................6

      B.     Even if One-Way Intervention Applied, Reckitt Has Waived the Doctrine............9

IV.   CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Alig v. Quicken Loans Inc.*,
   2016 WL 10490288 (N.D.W. Va. Aug. 25, 2016)..............................................................6, 10

*Barlow v. Evans*,
   992 F. Supp. 1299 (M.D. Ala. 1997) .....................................................................................10

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
   2015 WL 4776932 (C.D. Cal. May 27, 2015) .......................................................................10

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
   2016 WL 6953462 (C.D. Cal. June 16, 2016) .......................................................................10

*Haas v. Pittsburgh Nat'l Bank*,
   381 F. Supp. 801 (W.D. Pa. 1974)...............................................................................2, 6, 7, 8

*Katz v. Carte Blanche*,
   52 F.R.D. 510 (W.D. Pa. 1971) ...............................................................................................6

*Koehler v. USAA Cas. Ins. Co.*,
   2019 WL 4447623 (E.D. Pa. Sept. 17, 2019) .........................................................................7

*Postow v. OBA Fed. Sav. & Loan Ass'n*,
   627 F.2d 1370 (D.C. Cir. 1980) ..............................................................................................8

*Reynolds v. Turning Point Holding Co., LLC*,
   2020 WL 7336932 (E.D. Pa. Dec. 14, 2020) .........................................................................9

*Schafer v. Allied Interstate LLC*,
   2020 WL 4457922 (W.D. Mich. Aug. 2, 2020).....................................................................9

*Schwarzschild v. Tse*,
   69 F.3d 293 (9th Cir. 1995) .....................................................................................................9

*Sos v. State Farm Mut. Auto. Ins. Co.*,
   2019 WL 3854761 (M.D. Fla. May 2, 2019) .........................................................................9

*Taha v. Cty. of Bucks*,
   862 F.3d 292 (3d Cir. 2017)....................................................................................................5

*Wintjen v. Denny's, Inc.*,
   2021 WL 734230 (W.D. Pa. Feb. 25, 2021) .......................................................................11

*Wooten v. Hamilton Cnty.*,
   94 F.R.D. 176 (S.D. Ohio 1982) ............................................................................................9

## I.        INTRODUCTION

Reckitt's latest effort to stay summary judgment proceedings should be denied.  As this

Court recently ruled in denying Direct Purchaser Plaintiffs' motion to add defendants through an

amended complaint:

> This case has been pending since 2013, with the last amendment of
> the Complaint occurring in 2015.  Fact and expert discovery have
> long been closed; class certification motions were briefed, argued,
> and decided; the United States Court of Appeals has considered
> and affirmed the class certification ruling; and two phases of
> *Daubert* motions have been ruled upon.  Opening briefs in support
> of multiple summary judgment motions — totalling hundreds of
> pages — have already been filed.  All involved have invested an
> untold number of hours bringing the case to this penultimate stage.

ECF No. 727, at 6.  Reckitt advocated for that denial.  ECF No. 712.  Reckitt's motion seeking to

inflict the very delay it earlier claimed would cause it "[p]rejudice [that] [i]s [m]anifest" (*id.* at 3)

should be rejected out of hand.

Reckitt is obviously looking for something — anything — to stop this case from

progressing to a decision on cross-motions for summary judgment.  The Court will recall that in

February of this year, it sought a stay of summary judgment, citing the Direct Purchaser Class's

motion for leave to file an amended complaint.  ECF Nos. 689, 690.  The Court quickly denied

Reckitt's sought stay (ECF No. 697), following a conference during which the Court

emphasized, as it did in the opinion extracted above, that this case would progress.  ECF No.

696.

Now making a second bid to stay summary judgment rulings, Reckitt cites the one-way

intervention doctrine.  If that sounds like a new argument for delay raised for the very first time

at this late date, that's because it is.  Even if the doctrine applied in this circumstance (it does

not), Reckitt waived one-way intervention long ago, first when it filed its own motion for partial

summary judgment back in 2016 (ECF Nos. 218-220), and yet again when it filed the motions

for summary judgment that are now before the Court (ECF Nos. 699-1, 699-4), and then opposed

Plaintiffs' partial summary judgment motion (ECF Nos. 722-723), without so much as

mentioning one-way intervention.  Indeed, back in 2016, Reckitt *insisted* that a ruling on its

motion for partial summary judgment must *precede* class certification for reasons of efficiency,

the very opposite of the one-way intervention doctrine it now claims must apply.  ECF No. 219-1

at 9-14; ECF No. 237 at 2-3, 17, 19.

But even if Reckitt had not so emphatically waived the doctrine, the seminal case

governing this particular factual circumstance, *Haas v. Pittsburgh Nat'l Bank*, 381 F. Supp. 801

(W.D. Pa. 1974), *aff'd in part, rev'd in part*, 526 F.2d 1083 (3d Cir. 1975), exposes one-way

intervention as inapplicable here.  In *Haas*, cross-motions for summary judgment were pending,

and a class was already certified, but class notice had not yet been issued.  The court held one-

way intervention was inapplicable in that circumstance, and defendant's claim of prejudice was

deemed "minimal."  It ruled as follows:

> I hold that a district court ***may*** pass upon a motion for summary
> judgment ***prior to*** . . . ***notice be[ing] sent to an already certified
> class***, and I will do so here.

*Id.* at 806 (emphasis added).  The district court then proceeded to grant summary judgment in

defendants' favor — binding the named plaintiff but not the certified class — and while the

Third Circuit affirmed and reversed in part, without criticizing the district court's decision to

proceed even though the class members had not yet been notified of the pendency of the class

action and given an opportunity to opt out.  526 F.2d at 1098.  The Court should likewise deny

Reckitt's motion to defer here.

## II.     FACTS

Reckitt concedes that, following the appeal to the Third Circuit, the Direct Purchaser

Class is certified, has received notice, and the opt out period has run.  But Reckitt observes that

the End Payor Class, while certified and no longer subject to interlocutory appeal under Rule

23(f), has not yet been noticed.  On that thin basis, Reckitt once again seeks to halt summary

judgment proceedings, even for the Direct Purchaser Class and the Plaintiff States.  Reckitt cites

the one-way intervention doctrine, but Reckitt's invocation of that doctrine comes out of the

blue, following the scheduling and filing of multiple rounds of summary judgment briefs going

back to 2016.  During none of those proceedings has Reckitt so much as uttered the words "one-

way intervention."

Reckitt first filed for summary judgment back in March of 2016.  ECF Nos. 218-220.  No

class certification motion had yet been filed (and would not be filed for 2½ more years, in

September of 2018).  Yet, Reckitt sought partial summary judgment on Plaintiffs' "delay" claims

anyway, even though such a ruling could apply at most to the named plaintiffs and not to any

class, since at that time there was no class.  Reckitt's summary judgment briefs did not mention

one-way intervention, or state that Reckitt sought a ruling on the merits only after class(es) were

certified and the opt-out period had run.  Quite the opposite:  Reckitt devoted an entire six-page

section of its summary judgment motion to an argument insisting that a ruling on the merits *had*

to precede class certification, because only in this way could class certification motions practice

be facilitated.  ECF No. 219-1 at 9-14.  When Plaintiffs challenged Reckitt on the prematurity of

its motion, Reckitt doubled down, insisting even more emphatically that its motion for summary

judgment should precede class certification:

> Eliminating the "delay" theory now will not only simplify the
> Court's initial decision on class certification, but also avoid the
> massive inefficiency that would result if that theory is retained now
> only to fail later, such that the class-certification decision must be
> redone.

ECF No. 237 at 2-3.  In that brief, Reckitt emphasized that the scheduling order — which Reckitt

had a say in crafting — allowed it to file a motion for summary judgment anytime it liked.  *See*

*id.* at 17 ("By setting a final date for summary judgment motions 'no later than' April 7, 2017 …
this Court's scheduling order did not purport to limit Indivior's ability, pursuant to Fed. R. Civ.
P. 56(b), to move for summary judgment 'at any time.'  And, as Indivior's motion made plain,
numerous courts have encouraged early summary judgment motions as a way to weed out
baseless claims.").  Reckitt urged this Court to decide summary judgment first, and class
certification second.  *See id.* at 19 ("A timely decision on the 'delay' claims could prevent the
need to redo class certification.").  This is the very antithesis of a one-way intervention
argument.

That intentional waiver of one-way intervention alone should disqualify Reckitt from
invoking the doctrine now.  But Reckitt waived the doctrine three or four more times, depending
on how one counts, placing well beyond doubt that waiver has, in fact, occurred.  The second
time was when Reckitt moved in February of 2021 to stay summary judgment deadlines, on the
basis of Direct Purchaser Plaintiffs' motion for leave to amend their complaint.  ECF Nos. 689,
690.  Reckitt's stated reasons included nothing whatsoever regarding one-way intervention.  The
Court denied the stay.  ECF No. 697.

The third waiver came in March 2021, when Reckitt moved for summary judgment on all
claims and against specific plaintiffs, including the Direct Purchaser Class Plaintiffs and End
Payor Plaintiffs.  ECF No. 699-1 (all claims); ECF No. 699-4 (specific plaintiffs).  Nowhere did
Reckitt so much as mention one-way intervention, and Reckitt surely knew when it filed its
summary judgment motions that the End Payor Plaintiffs had just moved six days earlier for
approval of notice to the class (ECF No. 695).

The fourth waiver occurred in April, when Reckitt opposed Plaintiffs' motion seeking
partial summary judgment on the issue of the relevant antitrust product market, again knowing

that the End Payor Plaintiffs' notice had not yet been approved, much less issued.  ECF Nos.

722-723.  Nowhere in its opposition did Reckitt utter the words "one-way intervention."  Instead,

Reckitt argued that the Court should proceed to deny Plaintiffs' motion on the merits and put the

issue of relevant market before the jury.[1]

It was not until it filed its replies in support of summary judgment on May 13, 2021 that

Reckitt for the first time uttered the phrase "one-way intervention."  Yet, it did so in a separate

brief that one would be forgiven for overlooking (ECF No. 741), sandwiched between two

summary judgment reply briefs that, in stark contrast, again urged the Court to *rule* on summary

judgment in Reckitt's favor (ECF No. 740-1, 740-2).  One of Reckitt's summary judgment

replies even scoffs at the End Payor Plaintiffs for calling summary judgment "premature" — the

very accusation Reckitt levels now — and urges the Court not "to defer consideration."  ECF No.

740-2, at 9 ("EPPs' claim that it is 'premature' to expect damages evidence — 8 years into the

case" is meritless, because "to defer consideration of a summary judgment motion, a plaintiff is

required to show by affidavit or declaration that, for specified reasons, it cannot present facts

essential to justify its opposition" and therefore "summary judgment is appropriate.") (alterations

omitted).

These facts tell the story of Reckitt realizing late into summary judgment motions

practice that citing the one-way intervention doctrine might have been a serviceable ploy to try

derail summary judgment yet again.  But by failing to raise it until it was too late and making

motions that effectively abandon it, Reckitt has waived the doctrine, even if it applied in the first

place.  *See Taha v. Cty. of Bucks*, 862 F.3d 292, 300 (3d Cir. 2017) ("Overall, it is clear that

---

[1] Nor in the several briefs on the adequacy of End Payor Plaintiffs' notice plan did Reckitt
suggest the need to defer summary judgment rulings due to one-way intervention concerns.  *See*
ECF Nos. 695, 708, 718, 720, 721 (spanning the period March 2 through April 5, 2021).

defendants had multiple opportunities to raise the one-way intervention issue in the District

Court but failed to do so.").  Reckitt's motion should be denied, particularly because

"defendants' late crying about the one-way intervention rule is simply a tactical ploy."  *Alig v.*

*Quicken Loans Inc.*, 2016 WL 10490288, at \*9 (N.D.W. Va. Aug. 25, 2016).

## III.   ARGUMENT

### A.   One-Way Intervention Is Not an Obstacle to Ruling on Cross-Motions for Summary Judgment

Late in the case and with two classes certified, the Court is well within its discretion to

rule on cross-motions for summary judgment.  This was the decision in the seminal *Haas* case.

In *Haas*, the Western District of Pennsylvania decided "the propriety of passing upon a motion

for summary judgment prior to sending out class notice," calling it a "recurrent and important

question" for which "a definitive decision . . . seems indicated."  381 F. Supp. at 802.  The court

ruled that cross-motions for summary judgment could indeed be decided despite the absence of

notice to the class:

> I rule here, as I have ruled previously, that a district court may
> consider the merits of a plaintiff's case in an action denominated as
> a class action by ruling upon a motion for summary judgment …
> prior to … requiring that notice be sent to the class, once a class
> has been determined. Nothing in . . . Rule 23 itself precludes such
> a result.

*Id.* at 803.  The court observed that few precedents were applicable in this unique factual

circumstance:  "[b]ecause in this case the class has been certified but notice has not been sent, we

are in a slightly different procedural context than existed in those cases wherein a court was

faced simultaneously with a motion or motions for summary judgment along with a motion for

class determination."  *Id.*  In this unique factual scenario, the court found most precedent inapt,

and distinguished cases where courts were presented with simultaneous summary judgment and

class motions.  *Id.* at 803-04 (emphasis added) (distinguishing, *inter alia*, *Katz v. Carte Blanche*,

52 F.R.D. 510 (W.D. Pa. 1971), *rev'd on other grounds*, 496 F.2d 747 (3d Cir. 1974) (*en banc*)).[2]   The court ultimately held:

> **The question here [is] whether or not a district court may pass upon a properly filed motion for summary judgment without first having activated the procedural safeguard of notice to all class members.  I hold that in order to avoid a potentially needless expenditure of court time and plaintiff's money, it may.**  It need hardly be pointed out that if the decision on summary judgment is for plaintiff, that is either a judgment that questions of fact remain which necessitates a trial of the issues involved or a judgment for plaintiff on the merits, the opportunity always remains for the court to undertake class certification and/or notice to the class at that later stage without undue prejudice to either side.

381 F. Supp. at 805 (emphasis added).  The court reasoned that there was no prejudice to the defendant from deciding cross motions for summary judgment merely because the class lacked notice and an opportunity to opt out.  *Id.* ("Because no court may resort to summary judgment determination until it has determined that no genuine issue of material fact remains in the case and only questions of law are left for resolution, the . . . spectre of placing the defendant in double peril is not presented.").  There is no prejudice to the defendant because where, as here, the defendant has itself moved for summary judgment, it enjoys the protection of *stare decisis* if not *res judicata*, and the difference between those two is "minimal":

> [G]iven the **minimal risk** to which the defendant may be exposed, the court should not be required to engage in vain and useless effort merely for the sake of form. **This is especially true, where, as here, the defendants themselves have moved for summary**

---

[2] This Court's decision in *Koehler v. USAA Cas. Ins. Co.*, 2019 WL 4447623 (E.D. Pa. Sept. 17, 2019) is *a fortiori* even less apt, because there plaintiff sought summary judgment in her favor at the very beginning of the case — even before the first Rule 16 conference (*id.* at *3) — with no class certification motion yet filed.  *Id.* at *1 ("Currently before me in this putative class action is a narrow procedural question: should I decide a motion for partial summary judgment brought by Plaintiff on her individual claim *before* she has obtained — or even moved for — class certification?") (emphasis in original).  Here, as in *Haas*, the classes have long been certified for the Direct Purchaser Class and the End Payor Class, but notice has not yet issued for the End Payor Class.

> ***judgment, thus expressly pinning their hopes on stare decisis*** and
> the fundamental principle that the appellate process serves to
> protect all litigants from an incorrectly granted judgment. ***The***
> ***defendants, by moving for summary judgment prior to the***
> ***sending out of class notice, thereby assume the risk that a***
> ***judgment in their favor will not protect them from subsequent***
> ***suits by other potential class members***, for only the slender reed of
> stare decisis stands between them and the prospective onrush of
> litigants.  Certainly a judgment for the plaintiff would subject them
> to unfortunate consequences as to the liability phase of the case,
> but, assuming that the judgment is correctly granted, this would
> seemingly not change their initial willingness to be bound. On the
> other hand, a correctly granted judgment for the defendant would
> protect both the parties and the court from needless and costly
> further litigation.
>
> What is being discussed here is not the ability of the court to
> assume at any stage of class action litigation that either side will
> prevail on the merits, but rather the timing of and the very ability
> of the court to decide the merits of the case as a matter of law
> where there are no issue of fact in controversy. ***It would be***
> ***illogical and unreasonable in the extreme to bind the court to a***
> ***position where its freedom to consider the issues before it is***
> ***needlessly restricted by a technical, pro forma approach to***
> ***decisionmaking.***
>
> * * *
>
> Thus, for all of the reasons stated above, ***I hold that a district***
> ***court may pass upon a motion for summary judgment prior to***
> passing upon a motion for class determination or ***requiring that***
> ***notice be sent to an already certified class***, and I will do so here.

*Id.* at 805-06 (emphasis added).  The Third Circuit affirmed in part, leaving the district court's

decision to consider the cross motions wholly intact.  526 F.2d 1083.

Several courts have followed *Haas* in the unique procedural context here, deciding that

cross-motions for summary judgment are properly decided despite the lack of notice to certified

class members.  *See Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1381-82 (D.C. Cir.

1980) (cross-motions for summary judgment were properly ruled upon before "the final

designation of the class and the sending of notice to the members" because one-way intervention

doctrine is inapplicable "when the defendant himself moves for summary judgment"); *Wooten v. Hamilton Cnty.*, 94 F.R.D. 176 (S.D. Ohio 1982) (granting plaintiffs' motion to delay notice to a certified class pending decision on cross-motions for summary judgment). *See also Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995) ("the Third Circuit has concluded in an *en banc* decision that when a defendant prefers to 'take its chances on *stare decisis* rather than *res judicata*,' the district court may grant the defendant's motion for summary judgment even though the class has not yet been notified") (quoting *Katz*, 496 F.2d at 759). Therefore, the Court should exercise its discretion to find the one-way intervention doctrine inapplicable in this particular factual scenario as a matter of Third Circuit law.

**B.     Even if One-Way Intervention Applied, Reckitt Has Waived the Doctrine**

Even if the one-way intervention doctrine applied (it doesn't), Reckitt has long since waived it. As recognized in *Schwarzschild*, cited by Reckitt, "several circuits" — including this one — "have concluded that a defendant waives his right to have notice sent to the class under Rule 23(c)(2) whenever he moves for summary judgment *before* the class has been properly certified and notified." 69 F.3d at 297 (emphasis in original). Reckitt not only moved for summary judgment *years* before a class was certified, but vociferously maintained that summary judgment should be decided before class certification. It then moved, again, for summary judgment without invoking one-way intervention, and opposed Plaintiffs' motion for partial summary judgment without objection on one-way intervention grounds. *See* Part II., *supra.* Reckitt has waived any right to rely on the doctrine now.

A defendant's waiver of one-way intervention has been found under facts far less compelling than those here, including where defendant requested early summary judgment briefing (as Reckitt did here), where defendant did not initially firmly object to plaintiff's own motion for partial summary judgment (as Reckitt failed to do here), and where defendant filed its

own motion for summary judgment (as Reckitt did here). *See Reynolds v. Turning Point Holding Co., LLC*, 2020 WL 7336932, at *4 (E.D. Pa. Dec. 14, 2020) ("When [defendant] filed its summary judgment motion, it waived the protection of the one-way intervention doctrine for issues that it raised in its summary judgment motion."); *Schafer v. Allied Interstate LLC*, 2020 WL 4457922, at *8 (W.D. Mich. Aug. 2, 2020) ("Defendants' reference to the [one-way intervention] rule in their response to Plaintiff's motion for class certification is the first time they have raised application of the rule in this case.  Specifically, as Plaintiff emphasizes, Defendants did not reference the rule when both sides proposed filing dispositive motions"); *Sos v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 3854761, at *6 (M.D. Fla. May 2, 2019) ("To the extent [defendant] argues that one-way intervention precludes certification, the Court finds that [defendant] waived the argument by filing for summary judgment prior to a ruling on class certification."); *Alig*, 2016 WL 10490288, at *7-9 (defendant waived its one-way intervention rights by filing its own motion for judgment on the pleadings and by failing to timely object to plaintiff's motion for summary judgment on one-way intervention grounds); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2016 WL 6953462, at *4 (C.D. Cal. June 16, 2016) ("However, the Court already ruled that Defendant waived the protections of the one-way intervention rule by requesting early summary judgment briefing and consenting to litigating Plaintiff's motion for summary judgment before the certification stage."); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4776932, at *3 (C.D. Cal. May 27, 2015) ("the Court concludes that [defendant] has waived the protection of the rule in this case"); *id.* at *5 ("Because [defendant] requested early summary judgment briefing, failed to raise a firm pre-judgment objection to [plaintiff's own partial summary judgment] motion, and actually decided to adopt [plaintiff's] motion as its own early liability decision vehicle, the Court concludes that [defendant] consented to [plaintiff]

bringing a motion for summary judgment prior to certifying a class."); *Barlow v. Evans*, 992 F. Supp. 1299, 1312 (M.D. Ala. 1997) ("the parties, by the act of filing their summary judgment motions, have effectively waived any objections to the court deciding their cross-motions for summary judgment prior to taking up plaintiff's motion for class certification"), *abrogated on other grounds*, *Turner v. Beneficial Corp.*, 236 F.3d 643 (11th Cir. 2000). Reckitt's actions and omissions exceed those of the defendants found to have waived the doctrine in each of these cases and demonstrate an unambiguous waiver of the one-way intervention doctrine.

Reckitt cites *Wintjen v. Denny's, Inc.*, 2021 WL 734230 (W.D. Pa. Feb. 25, 2021), but defendant there did what it was supposed to do to preserve its one-way intervention objection:

> there is no indication that Defendant affirmatively waived the protection of the one-way intervention rule. Indeed, ***in both its own summary judgment motion and its opposition to Plaintiff's Motion, Defendant expressly invokes the protection of the one-way intervention rule.*** In addition, while Defendant contends that if Plaintiff's FLSA claims fail her PMWA claims should be dismissed for lack of jurisdiction under 28 U.S.C. § 1367, ***Defendant is not seeking summary judgment in its favor on the merits of Plaintiff's PMWA claims***.

*Id.* at *3. Reckitt did none of those things. Neither in its multiple summary judgment motions seeking judgment in its favor, nor in its opposition to Plaintiffs' motion for partial summary judgment, did Reckitt invoke the protection of the one-way intervention rule. It did just the opposite, insisting that prompt adjudication of these motions was appropriate and necessary. ECF No. 219-1 at 9-14; ECF No. 237 at 2-3, 17, 19. It clearly waived the doctrine.

## IV.   CONCLUSION

For any or all of the foregoing reasons, Reckitt's second bid to defer summary judgment rulings should be denied.

Dated:  May 20, 2021

JOSHUA L. KAUL                                      Respectfully submitted,
Wisconsin Attorney General

/s/Gwendolyn J. Lindsay Cooley                      /s/Bruce E. Gerstein_____
GWENDOLYN J. LINDSAY COOLEY                         Bruce E. Gerstein
Wisconsin Assistant Attorney General               Joseph Opper
Wisconsin Department of Justice                     Noah Silverman
Post Office Box 7857                                Garwin Gerstein & Fisher LLP
Madison, WI 53707                                   88 Pine Street, 10th Floor
(608) 261-5810                                      New York, NY 10005
                                                    (212) 398-0055
*Counsel for Plaintiff States*
                                                    *Co-Lead Counsel for the Direct Purchaser*
                                                    *Plaintiffs*


Peter Kohn                                          Thomas M. Sobol
Joseph T. Lukens                                    Jessica R. MacAuley
Faruqi & Faruqi LLP                                 Hagens Berman Sobol Shapiro LLP
One Penn Center, Suite 1550                         55 Cambridge Parkway, Suite 301
1617 John F. Kennedy Blvd.                          Cambridge, MA 02142
Philadelphia, PA 19103                              (617) 482-3700
(215) 277-5770

*Co-Lead Counsel for the Direct Purchaser*          *Co-Lead Counsel for the Direct Purchaser*
*Plaintiffs*                                        *Class Plaintiffs*

Stuart E. Des Roches                                David P. Smith
Andrew W. Kelly                                     Susan Segura
Chris Letter                                        David C. Raphael, Jr.
Odom & Des Roches, LLC                              Erin R. Leger
650 Poydras Street, Suite 2020                      Smith Segura & Raphael, LLP
New Orleans, LA 70130                               3600 Jackson St., Suite 111
(504) 522-0077                                      Alexandria, LA 71303
                                                    (318) 445-4480
*Counsel for Burlington Drug Company, Inc.*
                                                    *Counsel for Burlington Drug Company, Inc.*

Russell Chorush
Heim, Payne & Chorush LLP
1111 Bagby Street, #2100
Houston, TX 77002
(713) 221-2000

*Counsel for Burlington Drug Company, Inc.*

David F. Sorensen
Caitlin G. Coslett
Richard Schwartz
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000

*Counsel for Rochester Drug Co-Operative,*
*Inc.*

Barry S. Taus
Archana Tamoshunas
Taus, Cebulash & Landau LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
(212) 931-0704

*Counsel for Meijer, Inc. and Meijer*
*Distribution, Inc.*

Joseph Vanek
David E. Germaine
John P. Bjork
Sperling & Slater, P.C.
55 W. Monroe Street
32nd Floor
Chicago, Il 60603

*Counsel for Meijer, Inc. and Meijer*
*Distribution, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2021, I electronically filed the foregoing Direct Purchaser Class Plaintiffs' and Plaintiff States' Opposition to Reckitt's Second Motion to Defer Summary Judgment with the Clerk of the Court using the CM/EMF System which will then send a notification of such filing (NEF) to all counsel of record.

/s/*Gwendolyn J. Lindsay Cooley*
Gwendolyn J. Lindsay Cooley